1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 4/21/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANN RAMIREZ,                         )    No. C 07-4461 RMW (PR)
                                       )
            Petitioner,                )    ORDER OF DISMISSAL
                                       )
    vs.                                )
                                       )
PAUL COPENHAVEN,                       )
                                       )
            Respondent.                )
_____)

        Petitioner, a federal prisoner at the Federal Correctional Institution in Dublin,
California ("FCI-Dublin"), has filed a petition for a writ of habeas corpus under 28
U.S.C. § 2241 challenging the lawfulness of the Bureau of Prisons ("BOP") regulations
prohibiting her transfer to a Community Correctional Center ("CCC") until ten percent of
her sentence remains.  Petitioner claims that the regulations, see 28 C.F.R. §§ 570.20 and
570.21, are inconsistent with the BOP's authority under 18 U.S.C. § 3621(b).  However,
petitioner admits that she has not exhausted the BOP's administrative appeals process.
Petition at 3-4.

        Section 2241 does not specifically require petitioners to exhaust available remedies
before filing petitions for a writ of habeas corpus.  Castro-Cortez v INS, 239 F.3d 1037,
1047 (9th Cir. 2001).  Nonetheless, courts "require, as a prudential matter, that habeas

1   petitioners exhaust available judicial and administrative remedies before seeking relief

2   under § 2241." Id. (citations omitted).  The requirement may be waived in limited

3   circumstances because it is not a jurisdictional prerequisite.  Id.; see, e.g., Laing v

4   Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of

5   exhaustion requirement may be appropriate).

6       Petitioner claims that the exhaustion requirement should be waived in her case.

7   She argues that exhausting her claim through the BOP's administrative appeals process

8   "would be futile here because the BOP likely would reject Petitioner's appeal based on its

9   official policy that she is challenging" and because it may take too long in light of the

10   short amount of time remaining on her sentence.  Petition at 3-4.  The court finds these

11   arguments unpersuasive.

12       Petitioner's fear that the appeal process may take too long is simply not a sufficient

13   basis to waive the exhaustion requirement.  Nor is her unsupported contention that pursuit

14   of administrative remedies would be a futile gesture.  Recent cases and actions of the

15   BOP suggest otherwise.  She reports that all four circuits that have considered the validity

16   of the policy have found it invalid.  See Petition at 5, citing Wedelstedt v. Wiley, 477 F.3d

17   1160 (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442

18   F.3d 1088 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir.

19   2005).  Additionally, several district courts in the Ninth Circuit also have found the policy

20   contrary to the statute.  See Whistler v. Wrigley, No. C 06-0860-LJO-WMW, 2007 WL

21   1655787, at *3 (E.D. Cal. June 7, 2007) (listing cases).  Perhaps as a consequence of this

22   across-the-board rejection of the BOP policy, in Whistler, the BOP informed the court

23   that it had evaluated the petitioner "without reference to the time constraints imposed by

24   28 C.F.R. 570.20-21," and transferred him to a residential re-entry center, leading the

25   court to dismiss the petition as moot.  Id. at *6.  Consequently, it is far from clear that

26   petitioner's pursuit of administrative remedies would be futile; to the contrary, there is a

27   real possibility that BOP officials will provide the relief petitioner seeks in the first

28   instance.

Order of Dismissal
P:\pro-se\sj.rmw\hc.07\Ramirez461disexh

1   The court concludes that waiver of the exhaustion requirement is not warranted under

2   these circumstances.

3          Accordingly, the petition for a writ of habeas corpus under § 2241 is DISMISSED

4   without prejudice to petitioner filing a new petition after exhausting the BOP's

5   administrative appeals process.  The clerk shall close the file.

6          IT IS SO ORDERED.

7   DATED: _____          *Ronald M. Whyte*

8                                   RONALD M. WHYTE
                                    United States District Judge